26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stuart GILFENBAIN, Defendant-Appellant.
 No. 93-10232.
United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stuart Gilfenbain appeals pro se his convictions, which followed a jury trial, on five counts of committing, and one count of conspiracy to commit, mail fraud in violation of 18 U.S.C. Secs. 371, 1341. Gilfenbain claims his conviction should be reversed because an ambiguous instruction likely led the jury to convict him of a scheme for which he was not indicted. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the legal question whether a jury instruction misstated an element of a statutory crime. United States v. Pitner, 979 F.2d 156, 159 (9th Cir.1992). "The proper inquiry is whether, considering the charge as a whole, the trial court's instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." United States v. Tham, 960 F.2d 1391, 1399 (9th Cir.1992).
 
 
 4
 Gilfenbain, a grape salesman, was charged with mailing invoices to two buyers, Meijer and Stop & Shop, in furtherance of a scheme to defraud growers. After collecting from a buyer, Gilfenbain underreported the price he received to the grower and underpaid the grower accordingly. Gilfenbain diverted the difference between the reported and actual sales price into his and coconspirators' bank accounts.
 
 
 5
 At trial, the government introduced evidence pursuant to Fed.R.Evid. 404(b) to show that Gilfenbain defrauded one of his buyers, Stop & Shop, as well as his growers, by packing its orders with inferior grapes. Gilfenbain asked the district court specifically to instruct the jury that he was not on trial for defrauding Stop & Shop. The district court rejected Gilfenbain's proposed instruction, and, instead, charged the jury as follows:
 
 
 6
 You have heard evidence of other acts by the defendant. You may consider that evidence only as it bears on the defendant's intent and knowledge and for no other purpose. The defendant is not charged with a scheme to defraud the purchasers of commodities.
 
 
 7
 Upon deliberation, the jury convicted Gilfenbain of mail fraud on the counts that involved Stop & Shop, and acquitted him on the counts that involved Meijer. Gilfenbain claims this suggests that the 404(b) evidence confused the jury, and that the court's instruction was inadequate to dispel the confusion. He argues that the verdict was tainted by the possibility that some jurors convicted him based upon the evidence that he defrauded Stop & Shop, conduct for which he was not indicted.
 
 
 8
 We disagree. The indictment plainly charged one scheme to defraud one class of victims, growers. The district court admonished the jury no less than three times that Gilfenbain was not on trial for any act or crime not contained in the indictment.[1] The jury's verdict, convicting Gilfenbain of fraud on growers arising out of the Stop & Shop transactions and acquitting him of the other charges, is in fact the only indication that the jury was confused or the instruction inadequate. We refuse to " 'inquire into the workings of [juries]' " even in cases where they render outright inconsistent verdicts. United States v. Hughes Aircraft Co., Inc., 92-50681, slip op. at 4247 (9th Cir. April 28, 1994) (quoting United States v. Powell, 469 U.S. 57, 68-69 (1984)). We refuse a fortiori to speculate about the meaning of a verdict that is, at worst, odd, absent factors giving rise to a genuine possibility of jury confusion. See e.g., United States v. Bryan, 868 F.2d 1032, 1039 (9th Cir.1989) (absent special factors, defendant is not entitled to instruction that jury must agree on particular facts).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court stated: "The defendant is, of course, not on trial for any act or crime not contained in the indictment" (RT at 614); "The defendant is not on trial for any conduct or offense not charged in the indictment" (RT at 619); "The defendant is not charged with a scheme to defraud the purchasers of commodities" (RT at 620). Given the clarity of the jury instructions, appellant's reliance on Mastelotto, 717 F.2d at 1247-48 is unavailing